UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA ........................................................... PLAINTIFF

v.                                                      CRIMINAL NO. 3:24-CR-63-CHB

ROGER BAILEY ................................................................................... DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Erwin Roberts, Assistant United States Attorney for the Western District of Kentucky, and defendant, Roger Bailey, and his attorneys, Larry Simon and Maureen Sullivan, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Superseding Indictment in this case with violations of Title 21, United States Code, Sections 846 and 841; and Title 18, United States Code, Section 924(c). Defendant further acknowledges that the Superseding Indictment in this case seeks forfeiture of all firearms, magazines, and ammunition involved in the commission of said offense, including but not limited to a Mossberg, Model MMR, 5.56 caliber rifle, bearing serial number MMR27814A; a Glock, Model 19, 9 millimeter pistol, bearing serial number BUPB500; a American Tactical Imports, Model Omni Hybrid, multi-caliber pistol, bearing serial number NS309389; and ammunition pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 3 of the Superseding Indictment.

2. Defendant has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1-3 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

Between April 9, 2024, and May 29, 2024, Roger Bailey conspired with other persons to possess with intent to distribute cocaine by selling cocaine to ATF in four controlled purchases. Each controlled purchase occurred in Jefferson County, Kentucky and was recorded. The total amount of cocaine from the controlled purchases was 245.57 grams.

On May 29, 2024, a residential search warrant was executed on Roger Bailey's residence located at 441 South 29th Street, Louisville, Kentucky. During the residential search, 245.25 grams of cocaine; a Mossberg, Model MMR, 5.56 caliber rifle, bearing serial number MMR27814A; a Glock, Model 19, 9-millimeter pistol, bearing serial number BUPB500; an American Tactical Imports, Model Omni Hybrid, multi-caliber pistol, bearing serial number NS309389; and ammunition were found and seized.

After the residential search, Roger Bailey provided a mirandized statement admitting his cocaine trafficking and possession of the firearms seized from his residence in furtherance of his cocaine trafficking.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 5 years; a combined maximum term of imprisonment of 45 years; a combined maximum fine of $2,250,000, and a term of supervised release of at least 3 years and up to 5 years, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all firearms, magazines, and ammunition involved in the commission of said offense, including but not limited to a Mossberg, Model MMR, 5.56

caliber rifle, bearing serial number MMR27814A; a Glock, Model 19, 9 millimeter pistol, bearing serial number BUPB500; a American Tactical Imports, Model Omni Hybrid, multi-caliber pistol, bearing serial number NS309389; and ammunition pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 3 of the Superseding Indictment.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.  If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.  At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.  At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.  Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the superseding indictment counts to which he pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount of $300 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States and the defendant agree to the following:

>   -agree that a sentence of 97 months is the appropriate disposition of this case.
>
>   -agree that a fine at the lowest end of the applicable Guideline Range is appropriate and is to be due and payable on the date of sentencing.[1]
>
>   -demand forfeiture of all firearms, magazines, and ammunition involved in the commission of said offense, including but not limited to a Mossberg, Model MMR, 5.56 caliber rifle, bearing serial number MMR27814A; a Glock, Model 19, 9 millimeter pistol, bearing serial number BUPB500; a American Tactical Imports, Model Omni Hybrid, multi-caliber pistol, bearing serial number NS309389; and ammunition pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 3 of the Superseding Indictment.

11. Defendant agrees to the following waivers of appellate and post-conviction rights:

>   A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.
>
>   B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

12. The Defendant understands and agrees that consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

13. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises are contingent on the district court's subsequent acceptance of this plea agreement.

14. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

15. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____    9/27/24
Erwin Roberts                         Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____    9-27-24
Roger Bailey                          Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____    09/27/2024
Larry Simon                           Date
Maureen Sullivan
Counsel for Defendant

MAB:ER

7