UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:24-cr-00063-CHB

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

ROGER BAILEY                                                                DEFENDANT

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes the Defendant, ROGER BAILEY, by counsel, and for his Sentencing Memorandum, states as follows:

As this Court is aware, it is required to apply the provisions of 18 U.S.C. § 3553(a) in order to impose a sentence that is sufficient, but not greater than necessary in order to accomplish the goals of sentencing. Those goals are to achieve just punishment, reflect the seriousness of the offense, promote respect for the law, deter the Defendant and others from future crime, protect the public, and provide education and treatment, when needed, in the most effective manner. In determining this sentence, the Court must consider the nature of the offense, the history and characteristics of the Defendant, the sentencing guidelines and policy statements, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution (if applicable). *See* 18 U.S.C. § 3553 (a) (1, 3-7).

The Final Presentence Investigation Report (PSR) calculates a Base Offense Level of 22 as a result of the Defendant's guilty plea for the violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Count 1); 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2); and 18 U.S.C. § 924(c)(1)(A)

1

(Count 3). ¶¶ 2-4, 7; ¶ 35. The PSR adds one Specific Offense Characteristic, to wit, that the defendant maintained a premise for the purposes of manufacturing or distributing a controlled substance, adding two levels pursuant to USSG § 2D1.1(b)(12). ¶ 36.

After adjusting the offense level three levels for the Defendant's Acceptance of Responsibility (¶¶ 42, 43), his Total Offense Level was calculated at 21. ¶ 44.

During the period from 2019 to June 2024, Mr. Bailey sought assistance from the Legal Aid Society to expunge as much of his prior criminal record as was legally possible. The initial Pre-Sentence Investigation Report includes the expungement of numerous misdemeanors and two (2) felonies (¶¶57, 58) which are nonetheless used to calculate in his criminal history score pursuant to *United States v. Shor,* 549 F.3d 1075, 1077-1078 (6th Cir. 2008); *see also United States v. Pritchett*, 749 F.3d 417 (6th Cir. 2014). PSR, ¶¶ 54-59; 63-71.

Mr. Bailey was assigned four (4) criminal history points, resulting in a Criminal History Category of III. ¶¶ 60, 61. Thus, the Guideline imprisonment range for Counts 1 and 2 is between 46 months and 57 months. ¶ 96. The 60-month term of imprisonment on Count 3 is required to be imposed consecutively to the other counts.

The Plea Agreement pursuant to Rule 11(c)(1)(C) [DN 31], reflects the agreement between the United States and the Defendant that a sentence of 97 months imprisonment is the appropriate disposition in Mr. Bailey's case. ¶ 9(a).

Finally, the Presentence Report states that the Defendant is subject to a term of supervised release of three years to five years. ¶¶ 99-101.

PERSONAL AND FAMILY HISTORY

As indicated in the PSR, Mr. Bailey is 42 years old and has lived in Louisville his entire life. His parents were Roger Bailey, Sr., and Marsha Bailey. Roger Bailey, Sr., passed away in

1996 due to HIV. Marsha Bailey lives in Louisville, Kentucky. Mr. Bailey has an older sister, Tiajuana Howard, age 52; a younger brother, Reco Bailey, age 37, who lives in Louisville and works in Cincinnati; and five children.

Mr. Bailey has never married, but has been in a relationship with Ednisha Carter since 2004. Together, they have four children: Roger Bailey III, age 19; Xavier Bailey, age 17; Zachary Bailey, age 13; and Bailey Carter, age 5. Mr. Bailey has a daughter, Teoshanaya Dejanette, age 20, whose mother is Shawntae Dejanette. The Bailey children live with their mother in Louisville, and Teoshanaya lives with her own mother.

Since Mr. Bailey's incarceration, his family members have undergone a great deal of difficulty. As of this writing, Mr. Bailey's oldest daughter, Teoshanaya, a student and cheerleader at Simmons University, is awaiting biopsy results from emergency brain surgery after the discovery of three separate lesions. *See e.g.,* One aunt has passed away. His mother, Marsha Bailey, has had knee replacement surgery, and has not yet been able to return to her work at the Coalition for the Homeless in Louisville. Roger, III, and Xavier have both been in car accidents, and the youngest, Bailey, suffers from nightmares. Their mother, Ednisha, has done her best to cope with the onslaught of family problems following Mr. Bailey's arrest.

It must be said that despite the events leading to Mr. Bailey's Indictment and plea of guilty, Mr. Bailey was first and foremost a father trying to support his family. Perhaps the most profound punishment he will endure is the inability to do so.

Mr. Bailey has been treated for tendonitis and scoliosis, but otherwise is in relatively good physical health. ¶ 79. He has expressed a desire to seek mental health treatment. ¶ 80.

As the PSR shows, Mr. Bailey has a long history of use of alcohol and particularly marijuana. He has also tried Ecstasy, cocaine, and on one occasion mushrooms. ¶ 81. His previous

chronic use of hydrocodone, from his thirties until the year before his arrest, should be addressed by the Bureau of Prisons facility that houses him. Mr. Bailey has attended outpatient substance abuse counseling in the past and feels that he would benefit from additional treatment. ¶ 82.

Finally, Mr. Bailey has completed a GED from Jefferson Vocational and Technical College (JCTC) and has completed welder training at the Knight School of Welding. ¶ 83. He also completed an associate degree in business administration from National College (now known as American National University), a proprietary school with a campus in Louisville, Kentucky. *See id.*

CONCLUSION

Therefore, after considering and balancing the § 3553(a) factors, it is submitted that in Mr. Bailey's case a sentence of imprisonment of 97 months, as provided in the Rule 11(c)(1)(C) Plea Agreement, would be sufficient, but not greater than necessary, in order to accomplish the goals of sentencing.

WHEREFORE, the Defendant requests this Court to impose a total term of imprisonment of 97 months.

Respectfully submitted,

/s/ Maureen Sullivan
MAUREEN SULLIVAN
American Life Building
471 West Main Street, Suite 200
Louisville, KY 40202
(502) 548-1699
sullivanappeals@gmail.com

/s/ Larry D. Simon
LARRY D. SIMON
American Life Building
471 West Main Street – Suite 200
Louisville, KY 40202
(502) 589-4566
larrysimonlawoffice@gmail.com

## CERTIFICATE OF SERVICE

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 30th day of December, 2024.

/s/ Maureen Sullivan
MAUREEN SULLIVAN